IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY,<br><br>                    Plaintiff,<br><br>         vs.<br><br>ENRIQUE NAVARRO CASTELLANOS, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. CV F 11-0332 LJO GSA<br><br>**REMAND ORDER**<br>(Doc. 1.) |

On February 25, 2011, plaintiff Enrique Navarro Castellanos ("plaintiff") filed papers to remove this unlawful detainer action based on purported diversity jurisdiction under 28 U.S.C. § 1332(a). The record reveals no grounds for this Court's subject matter jurisdiction of this unlawful detainer action.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This "provision is mandatory and may not be disregarded" in that "a federal court must remand for lack of subject matter jurisdiction." *University of So. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In situations involving lack of jurisdiction, such as this, a district court is "under a duty to examine on its own motion, without waiting for a motion to remand." *In re MacNeil Bros. Co.*, 259 F.2d 386, 399 (1st Cir. 1958). "The fact that neither party has moved for remand is immaterial – a federal court has not only a right but a duty to inquire sua sponte into whether subject matter jurisdiction exists if the basis of such jurisdiction appears questionable." *Brickyard Holdings, Inc. v. Beaufort*

1  *County*, 586 F.Supp.2d 409, 416 (D. S.C. 2007); *see* 1 Schwarzer, Tashima & Wagstaffe, Cal. Practice
2  Guide: *Fed. Civil Procedure Before Trial* (2010), Removal Jurisdiction, para. 2:609.5, p. 2D-11("district
3  court has an independent obligation to examine removal jurisdiction").

4        This Court surmises that plaintiff removed this unlawful detainer action in absence of good faith
5  to exploit the court system solely for delay or to vex defendant. The test for maliciousness is a
6  subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v.*
7  *Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915). Removal disrupts the unlawful detainer action in
8  the state court which has jurisdiction and potentially delays defendant's attempts to secure the premises
9  at issue. In the absence of this Court's subject matter jurisdiction, plaintiff's removal is an abuse of the
10 judicial system to warrant remand to the Stanislaus County Superior Court.

11       On the basis of good cause, this Court:

12     1.    REMANDS this action to the Stanislaus County Superior Court; and

13     2.    DIRECTS the clerk to take necessary action to remand this action to the Stanislaus
14         County Superior Court and to close this action.

15     IT IS SO ORDERED.

16 **Dated:   March 2, 2011**                /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE